UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

In re:

PINNACLE GLOBAL PARTNERS
FUND I LTD. (in Official Liquidation)

        Debtor in a
        Foreign
        Proceeding.

--------------------------------------------------------

Chapter 15

Case No. 19-_____(___)

# DECLARATION OF WARREN E. GLUCK IN SUPPORT OF RECOGNITION OF FOREIGN INSOLVENCY PROCEEDING AND APPLICATION FOR ADDITIONAL RELIEF PURSUANT TO CHAPTER 15 OF THE BANKRUPTCY CODE

I, Warren E. Gluck, declare as follows:

1. I am an attorney at Holland & Knight LLP, counsel for Andrew Morrison, David Griffin and John Batchelor, the duly appointed joint official liquidators and foreign representatives ("**Liquidators**" or "**Petitioners**") of Pinnacle Global Partners Fund I Ltd. (in Official Liquidation) (the "**Pinnacle Fund**"), a Cayman Islands mutual fund in liquidation under the supervision of the Grand Court of the Cayman Islands (the "**Cayman Court**"), Cause No. FSD 231 of 2018 (RPJ) (the "**Cayman Liquidation**"), pursuant to the Cayman Islands Companies Law (2018 Revision) (the "**Cayman Companies Law**"), and am duly admitted to practice before the United States District Court for the Southern District of New York.

2. I respectfully submit this declaration in support of the Liquidators' Official Form Petition and Verified Petition (together, the "**Petition**"), requesting entry of an order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

3. As set forth in the Petition, the Liquidators seek, *inter alia*, an order authorizing discovery pursuant to 11 U.S.C. § 1521(a)(4) so that the Liquidators can access information

relating to: (1) the books and records and other financial documents of the Pinnacle Fund concerning the valuation, assets and liabilities of the Pinnacle Fund, which are held by Pinnacle Global Partners LLC ("**Pinnacle LLC**"), the New York-based co-investment manager of the Pinnacle Fund, which Pinnacle LLC has refused to produce in the Cayman Liquidation; (2) U.S. dollar-denominated and foreign currency wire and fund transfers from Citibank N.A. ("**Citibank**"), which: (1) holds or held an account for Pinnacle LLC to which the Pinnacle Fund may have sent approximately $6 million between 2016 and 2017 (the "**Citibank Account**"); and (2) holds or held an account for Sam Halim, the sole executive director of the Pinnacle Fund, which received a $200,000 payment in 2015; and (3) United States dollar-denominated and foreign currency wire and fund transfers maintained by correspondent or intermediary banks (collectively, the "**New York Banks**") located in the Southern District of New York (the "**District**") involving the Pinnacle Fund and its sole shareholder and co-manager Pinnacle Equity, and Pinnacle LLC, as well as their investors, directors, managers, counterparties and lenders (collectively, the "**Discovery Subjects**"), so as to ascertain information concerning the Pinnacle Fund's assets prior to the commencement of the Cayman Liquidation, as well as claims against Halim and Pinnacle LLC, as discussed further below.

4.    Also as set forth in the Petition, the Liquidators seek information concerning previously executed wire transfers only and historical account statements.

5.    I submit this declaration to provide the Court with information relevant to New York Banks, from which discovery is sought, and an understanding of United States dollar-denominated fund-transfer systems.

6.    In addition to Citibank, the New York Banks found in this District from which discovery is sought in the Petition are: (i) The Bank of New York Mellon; (ii) Société Générale;

(iii) HSBC Bank USA, N.A.; (iv) BNP Paribas USA; (v) JPMorgan Chase Bank, N.A.; (vi) Deutsche Bank Trust Co. Americas; (vii) UBS AG; (viii) Bank of America, N.A.; (ix) Standard Chartered; (x) The Bank Of China; and (xi) Commerzbank AG.

7. Additionally, to the best of my knowledge, information, and belief, and based on my experience in obtaining bank account, loan, and United States dollar-denominated, and in some cases foreign currency-denominated, wire transfer records in numerous cases, the New York Banks act as correspondent or intermediary banks for United States dollar-denominated, and in some cases foreign currency-denominated, wire transfers passing from domestic banks to international banks, and vice versa. Most of the New York Banks are participants in the Clearing House Interbank Payments System ("**CHIPS**"), which is the largest private sector United States Dollar-denominated fund transfer in the world, or a major participant in the clearing of international United States Dollar-denominated wire transfers. According to the Federal Reserve Bank of New York, the average daily value of CHIPS transactions is $1.2 trillion.[1]

8. The New York Banks keep electronic records of United States dollar-denominated fund transfers, and some foreign currency transactions, and are thus able to easily search and produce these records. In fact, they have done so in response to hundreds of subpoenas I have executed in connection with numerous domestic civil litigations, 28 U.S.C. § 1782 requests for discovery in foreign country proceedings, and Chapter 15 petitions such as this. Importantly, no such bank has objected to the discovery sought and no objection is contemplated here.

9. In this case, the Liquidators have strong reason to believe that the Pinnacle Fund made numerous U.S.-dollar denominated wire-transfers, including to accounts in the United States. First, the Pinnacle Fund likely remitted via wire transfer the roughly $6 million in total payments

---

[1] *See* Federal Reserve Bank of New York, CHIPS, *available at*:
https://www.newyorkfed.org/aboutthefed/fedpoint/fed36.html (last visited May 9, 2019).

to the Pinnacle LLC account at Citibank in New York. For instance, between January 2016 and January 2017, bank records obtained from the originating bank show that the Pinnacle Fund transferred more than $1.6 million from an account in Switzerland to the Citibank Account. In addition, the Pinnacle Fund transferred further payments totaling (i) $2.2 million to a Canadian bank account held by Pinnacle LLC and/or Pinnacle Equity; and (ii) $2.5 million to unknown accounts (and possibly the Citibank Account) held by Pinnacle LLC and/or Pinnacle Equity.

10. Second, most, if not all of the material transactions at issue in the Cayman Liquidation, such as the investment in the Hong Kong Shares and the Securities Transactions occurred in U.S. Dollars.[2] Third, the defaulted loans that precipitated the Winding-Up Petition (as defined in the Petition) in the Cayman Islands were issued in U.S. Dollars.

11. Broadly speaking, the requested pre-litigation discovery relates to the Liquidators' need to conduct further examination of myriad suspicious transfers, transactions and phantom assets intertwined with the alleged investments of the Pinnacle Fund prior to commencement of the Cayman Liquidation. As such transfers were effected via United States dollar-denominated wire transfers, including unquestionably the transfers to the Citibank Account, discovery as to the nature and propriety of the Pinnacle Fund's United States dollar-denominated transactions is critical to the Liquidators' investigation and to the Liquidators' ability to obtain a recovery for the Pinnacle Fund's creditors and investors.

12. Ultimately, the evidence sought in this request for discovery under 11 U.S.C. § 1521(a)(4) will be instrumental and serve the following purposes, all of which are directly germane and in support of the Cayman Liquidation and its goal of:

---

[2] All capitalized otherwise not otherwise defined have the meanings set forth in the Petition.

4

(i) acquiring the Pinnacle Fund's books and records from Pinnacle LLC and Halim in order to understand the causes of the Pinnacle Fund's insolvency and asset position, and to tracing the flow of funds among the Pinnacle Fund, its principals, managers, shareholder and unaffiliated counterparties – if such counterparties existed;

(ii) determining the rationale and timing for the potential transfers of the roughly $6 million from the Pinnacle Fund to the Citibank Account, and whether the transfer is evidence of illegality that could justify third-party claims against Pinnacle LLC, and/or Halim and Chapler;

(iii) pinpointing the beneficiaries of the Perlen Loans and Nerthington Loan;

(iv) analyzing the flow of funds from the Pinnacle Fund to facilitate the purported Securities Transactions and purchase and trading of the Hong Kong Shares, including transfers by and among brokers, attorneys, lenders and other alleged counterparties;

(v) obtaining evidence supporting or refuting the transactions related to the purported Brazilian lumber assets and carbon credits;

(vi) determining ownership of Ironshore Investments Ltd.;

(vii) ascertaining the existence, as well as the current location, of any funds transferred between the Pinnacle Fund, Pinnacle Equity, Pinnacle LLC and its principals and managers (in addition to the transfers to the Citibank Account and Halim's Citibank account);

(viii) finding evidence of any self-dealing, fraud, fraudulent transfer and breaches of fiduciary duties by any Discovery Subjects in connection with management of the Pinnacle Fund;

(ix) determining where and with what entities to conduct further investigation;

(x) supporting allegations to add defendants in subsequent proceedings in the Cayman Islands and elsewhere; and

(xi) locating the Pinnacle Fund's and the Discovery Subjects' bank accounts, assets and relevant counterparties.

13. Attached hereto as Exhibit A is the order authorizing intermediary bank discovery in a Cayman Islands liquidation pursuant to Chapter 15 in the matter of *In re Platinum Partners Value Arbitrage Fund LP*, 16-12925 (SCC) (Bankr. S.D.N.Y. 2016).

14. Attached hereto as Exhibit B is the order authorizing intermediary bank discovery and related relief in a Cayman Islands liquidation pursuant to Chapter 15 in the matter of *In re HiTs Africa*, No. 18-11822-mew (Bankr. S.D.N.Y.).

15. Attached hereto as Exhibit C is the order authorizing intermediary bank discovery related relief in a Cayman Islands liquidation pursuant to Chapter 15 in the matter of *In re Niton Fund SPC*, 15-13252 (SMB) (Bankr. S.D.N.Y. 2016).

16. Attached hereto as Exhibit D is the order recognizing as a main proceeding and authorizing highly similar discovery in respect of a British Virgin Islands company liquidation in the case of *In re Lawndale Grp. S.A.,* No. 15-11352 (SCC) (Bankr. S.D.N.Y. July 6, 2015).

17. Attached hereto as Exhibit E is the order authorizing discovery in a Cayman Islands liquidation proceeding pursuant to Chapter 15 in *In re Ardent Harmony Fund Inc.*, No. 16-12282 (Bankr. S.D.N.Y. 2016).

18. Attached hereto as Exhibit F is the order authorizing highly similar discovery pursuant to Chapter 15 in the case of *In re Pioneer Freight Futures Co. Ltd.*, No. 13-12324 (Bankr. S.D.N.Y. Aug. 23, 2013).

19. Attached hereto as Exhibit G is the order recognizing as a main proceeding and authorizing highly similar discovery in the case of *In re Farenco Shipping Co. Ltd.*, 11-14138 (REG) (Bankr. S.D.N.Y. Sept. 7, 2011).

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
          May 16, 2019

_____
Warren E. Gluck, Esq.