# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re: | : | Chapter 15 |
|  | : |  |
| PLATINUM PARTNERS VALUE | : | Case No. 16-12925 (SCC) |
| ARBITRAGE FUND L.P. (IN | : |  |
| PROVISIONAL LIQUIDATION),[1] *et al.*, | : | (Jointly Administered) |
|  | : |  |
| Debtors in | : |  |
| Foreign Proceedings. | : |  |
|  | : |  |
|  | : |  |

---------------------------------------------------------x

## ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1504, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE

Matthew James Wright and Christopher Barnett Kennedy, duly appointed joint official liquidators ("**Petitioners**" or "**Liquidators**") of Platinum Partners Value Arbitrage Fund L.P. (in Provisional Liquidation) ("**Master Fund**") and the duly appointed joint official liquidators of Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation) ("**International Fund**" and together with Master Fund, the "**Funds**"), both Funds in liquidation by way of the Financial Services Division of the Grand Court of the Cayman Islands (the "**Grand Court**") (cause nos. FSD 131 of 2016 (AJJ) (Master Fund) and 118 of 2016 (AJJ) (International Fund)) as a result of the Grand Court's orders (the "**Liquidation Orders**") made pursuant to petitions for the winding up of the Funds under, as applicable, sections 92 and 104 of the Companies Law of the Cayman Islands (2016 Revision) (the "**Companies Law**") and section

---

[1] The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, follow in parentheses: Platinum Partners Value Arbitrage Fund L.P. (in Provisional Liquidation) (1954) and Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation) (2356). The registered office of the International Fund is c/o The R&H Trust Co. Ltd., Windward 1, Regatta Office Park, P.O. Box 897, Grand Cayman KY1-1103, Cayman Islands. The Master Fund's registered address is c/o Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman, KY1-9005, Cayman Islands.

36 of the Exempted Limited Partnership Law, 2014 ("**ELP Law**") (collectively, the "**Cayman Liquidations**"), by its United States counsel, Holland & Knight LLP, filed Official Form Petitions, the *Verified Petition for Recognition of Foreign Insolvency Proceedings and Application for Additional Relief, Pursuant to Sections 1504, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code* (the "**Verified Petition**,"[2] and, together with the Official Form Petitions, the "**Petition**"), and the accompanying Kennedy Declaration, Leontsinis Declaration, and Gluck Declaration, seeking relief pursuant to chapter 15 of the Bankruptcy Code; and upon due consideration of the Petition, Kennedy Declaration, Leontsinis Declaration and the Gluck Declaration, together with all exhibits thereto, in support of the Petition, and hearing no objections thereto, and a hearing having been held on November 21, 2016 the evidence put on the record at the Hearing; and appropriate and timely notice of the filing of the Petition and the Hearing thereon having been given by the Liquidators, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and having been updated pursuant to Section 1518 of the Bankruptcy Code, and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated February 1, 2012.

---

[2] Capitalized terms used, but not otherwise defined herein shall have the meanings given to them in the Verified Petition.

2

B.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410 (2) because there is an action pending against the Funds within this judicial district, and the Court may enter a final order consistent with Article III of the United States Constitution.

C.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.      The Liquidators are the "foreign representatives" of the Funds pursuant to 11 U.S.C. § 101(24).

E.      The chapter 15 cases of the Funds were properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

F.      The Liquidators have satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.      The Cayman Liquidations are "foreign proceedings" pursuant to 11 U.S.C. § 101(23).

H.      The Cayman Liquidations are entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.      The Cayman Liquidations are pending in the Cayman Islands, the country where the Funds' center of main interests is located, and accordingly the Cayman Liquidations are foreign main proceedings pursuant to 11 U.S.C. § 1502(4), and are entitled to recognition as foreign main proceedings pursuant to 11 U.S.C. § 1517(b)(1).

J.      The Liquidators are entitled to all of the relief provided under 11 U.S.C. § 1520 and 1521 without limitation.

K.      The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520 and 1521.

3

**NOW, THEREFORE, IT IS HEREBY**

1.     **ORDERED**, that the Petition is granted as set forth herein;

2.     **ORDERED**, that the Cayman Liquidations are recognized as foreign main proceedings pursuant to 11 U.S.C. §§ 1517(a) and (b)(1);

3.     **ORDERED**, that all persons and entities (other than the Liquidators and their expressly authorized representatives and agents) are hereby enjoined, except as provided in 11 U.S.C. §§ 555 through 557, 559 through 562, 1520 and 1521 or as modified herein, from:

(1)     executing against the Funds' property or assets;

(2)     taking or continuing any act to obtain possession of, or exercise control over, the Liquidators (with respect to the Funds), the Funds, or any of the Funds' property or assets;

(3)     taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Liquidators (with respect to the Funds), the Funds or any of the Funds' property or assets as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to the Funds or any of the Funds' property or assets; and

(4)     transferring, relinquishing or disposing of any property of the Funds to any person or entity other than the Liquidators;

and it is further

4.     **ORDERED**, that 11 U.S.C. § 1520(a) shall be effective with respect to the Cayman Liquidations; and it is further

5.     **ORDERED**, that 11 U.S.C. § 1521(a)(1-3) shall be effective with respect to the Cayman Liquidations and/or the stay, as provided for by Section 97(1) of the Companies Law, shall be effective in the United States of America pursuant to 11 U.S.C. § 1507; and it is further

6.     **ORDERED**, that the Liquidators or any third person acting pursuant to the Liquidators' instructions or agreement may transfer funds or property belonging to the Funds

into or out of the United States of America in accordance with their respective obligations to the Funds or under the Cayman Liquidations; and it is further

7. **ORDERED**, that the Liquidators are hereby authorized to examine witnesses, take evidence, and seek the production of documents within the territorial jurisdiction of the United States concerning the assets, affairs, rights, obligations or liabilities of the Funds, the Funds affiliates and the Funds' subsidiaries by:

> a. issuing discovery requests to intermediary banks that process U.S. dollar-denominated wire transfers and maintain records of such transfers;
>
> b. upon written request, obtaining turnover of any and all documents, records, filings, or other information, however stored, including but not limited to emails that are property of, concern or were made or issued on behalf of the Funds, from any person or entity subject to this Court's jurisdiction; and
>
> c. upon service of this order, prohibiting all persons and entities subject to the jurisdiction of this Court from destroying, secreting, altering, deleting or otherwise disposing of any electronic data, documents, records, filings, or other information, however stored, concerning or relating to the assets, affairs, rights, obligations or liabilities of the Funds; and it is further

8. **ORDERED**, that the Liquidators are authorized to operate the business of the Funds that is the subject of Cayman Liquidations and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 1520 and 1521; and it is further

9. **ORDERED**, that the Liquidators are hereby granted authority to assert claims of the Funds against parties that are subject to jurisdiction in the United States of America; and it is further

10. **ORDERED**, that the administration or realization of all or part of the assets of the Funds within the territorial jurisdiction of the United States of America is hereby entrusted to the Liquidators and the Liquidators are hereby established as the exclusive representatives of the Funds in the United States of America; and it is further

11.     **ORDERED**, that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and it is further

12.     **ORDERED**, that, notwithstanding Bankruptcy Rule 7062, made applicable to these chapter 15 cases by Bankruptcy Rule 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and upon its entry, this Order shall become final and appealable.

Dated:

November 22, 2016
New York, New York

/S/ Shelley C. Chapman
Honorable Shelley C. Chapman
United States Bankruptcy Judge

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
In re:                                                  :
                                                        :        **Chapter 15**
**HITS AFRICA LTD.**                                    :
                                                        :        **Case No. 18-11822 (MEW)**
                        **Debtor in a**                 :
                        **Foreign Proceeding.**         :
--------------------------------------------------------x

### ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a), 1504, 1507, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE

Claire Loebell and Keiran Hutchison, duly appointed joint official liquidators and foreign representatives ("**Petitioners**" or "**Liquidators**") of HiTs Africa Ltd. ("**HAL**"), a Cayman exempt company in liquidation under the supervision of the Grand Court of the Cayman Islands, Financial Services Division (the "**Cayman Court**"), Cause No. FSD 96 of 2013 (CQJ) (the "**Cayman Liquidation**"), pursuant to section 92 of the Cayman Islands Companies Law (2018 Revision) (the "**Cayman Companies Law**")[1] have filed an Official Form Petition, a Verified Petition (collectively, the "**Petition**"), the accompanying Declaration of Mark Goodman executed on June 4, 2018 (the "**Goodman Declaration**"), the Declaration of Claire Loebell, executed on May 31, 2018 (the "**Loebell Declaration**"), and the Declaration of Warren E. Gluck, executed on June 19, 2018 (the "**Gluck Declaration**" and collectively with the Goodman Declaration and the Loebell Declaration, the "**Declarations**"), seeking relief pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

Upon due consideration of the Petition and the Declarations, together with all exhibits thereto, in support of the Petition, and a hearing having been held on July 17, 2018; and

---

[1]   Excepts of the relevant provisions of the Cayman Companies Law are attached as Exhibit 1 to the Goodman Declaration.

appropriate and timely notice of the filing of the Petition and the Hearing thereon having been given by the Liquidators, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections or other responses having been filed; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410(3) because HAL has property in the United States and within this judicial district.

C.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.      The Liquidators are the "foreign representatives" of HAL as defined in 11 U.S.C. § 101(24).

E.      This chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

F.      The Liquidators have satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.      The Cayman Liquidation is a "foreign proceeding" pursuant to 11 U.S.C. § 101(23) and it is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517(a).

H.      The Cayman Liquidation is pending in the Cayman Islands, the country where HAL's center of main interests is located, and accordingly the Cayman Liquidation is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

I.      The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520, and 1521.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Cayman Liquidation is recognized as a foreign main proceeding pursuant to 11 U.S.C. §§ 1517(a) and (b)(1).

2.      The provisions of section 1520 shall apply with respect to the debtor and property of the debtor.  Without limiting the foregoing:

(a)      Sections 361 and 362 of the Bankruptcy Code shall apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States;

(b)      the administration or realization of all or part of the assets of HAL within the territorial jurisdiction of the United States is hereby entrusted to the Liquidators and the Liquidators are hereby established as the exclusive representatives of HAL in the United States; and

(c)      The Liquidators are authorized to operate the business of HAL  that is the subject of Cayman Liquidation and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 363, 552 and 1520, including the power to assert claims to the extent that a trustee would be able to do so.

3.      Pursuant to section 1521(a)(4) of the Bankruptcy Code, that the Liquidators are hereby authorized to obtain information and evidence concerning the assets, affairs, rights, obligations or liabilities of HAL by:

(a)      issuing discovery subpoenas to United States-located intermediary banks that process U.S. dollar-denominated and foreign currency wire transfers and maintain

records of such transfers with respect to the Discovery Subjects (defined in the Petition) so as to ascertain information concerning HAL's assets and transactions prior to the commencement of the Cayman Liquidation and critical information concerning HAL's claims against third parties, provided, however, that the recipients of any discovery subpoenas shall have the right to object thereto in accordance with applicable rules; and

(b)    upon written request served by the Liquidators, obtaining turnover of any and all documents, records, filings, or other information, however stored, including but not limited to emails, from any person or entity subject to this Court's jurisdiction, including but not limited to the Discovery Subjects.

4.    This Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

5.    A copy of this Order shall be served by overnight courier or by hand delivery upon the same parties who were directed to receive notice of the Petition.

Dated: New York, New York
        July 19, 2018

                                            /s/ **Michael E. Wiles**
                                            United States Bankruptcy Judge
                                            Southern District of New York

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 15 |
|  | : |  |
| NITON FUND SPC, | : | Case No. 15- 13252 (SMB) |
|  | : |  |
| Debtor in a | : |  |
| Foreign Proceeding. | : |  |
|  | : |  |

---------------------------------------------------------x

## ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a), 1504, 1507, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE

Matthew James Wright and Christopher Barnett Kennedy, duly appointed joint official liquidators and foreign representatives ("**Petitioners**" or "**Liquidators**") of Niton Fund SPC ("**Niton**") for and on behalf of the Short Term Shipping Fund Segregated Portfolio (the "**Short Term Fund**"), a company in liquidation under the supervision of the Grand Court of the Cayman Islands, Financial Services Division (the "**Cayman Court**"), case no. FSD 0117/2015 (NRLC) (the "**Cayman Liquidation**"), pursuant to section 124 of the Cayman Islands Companies Law (2013 Revision) (the "**Cayman Companies Law**") by its undersigned United States counsel, Holland & Knight LLP, filed an Official Form Petition, this Verified Petition (together, the "**Petition**"), the accompanying Declaration of Matthew James Wright executed on December 1, 2015 (the "**Wright Declaration**"), the Declaration of Stephen Leontsinis, executed on November 16, 2015 (the "**Leontsinis Declaration**"), and the Declaration of Warren E. Gluck, executed on December 3, 2015 (the "**Gluck Declaration**"), seeking relief pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

Upon due consideration of the Petition, Wright Declaration, Leontsinis Declaration and the Gluck Declaration, together with all exhibits thereto, in support of the Petition, and a hearing

having been held on January 12, 2015 the evidence put on the record at the Hearing; and appropriate and timely notice of the filing of the Petition and the Hearing thereon having been given by the Liquidators, pursuant to section 1514 of the Bankruptcy Code and Rule 2002 of the Federal Rules of Bankruptcy Procedure; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410 (3) because Niton has property in the United States and within this judicial district.

C.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.    The Liquidators are the "foreign representatives" of Niton pursuant to 11 U.S.C. § 101(24).

E.    This chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

F.    The Liquidators have satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.    The Cayman Liquidation is a "foreign proceeding" pursuant to 11 U.S.C. § 101(23).

H.    The Cayman Liquidation is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.    The Cayman Liquidation is pending in the Cayman Islands, the country where Niton's center of main interests is located, and accordingly the Cayman Liquidation is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.    The Liquidators are entitled to all of the relief provided under 11 U.S.C. § 1520 without limitation.

K.    The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520, and 1521.

**NOW, THEREFORE, IT IS HEREBY**

1.    **ORDERED**, that the Cayman Liquidation is recognized as a foreign main proceeding pursuant to 11 U.S.C. §§ 1517(a) and (b)(1);

2.    **ORDERED**, that 11 U.S.C. § 1520(a) shall be effective with respect to the Cayman Liquidation; and it is further

3.    ~~**ORDERED**, that 11 U.S.C. § 1521(a)(1-4) shall be effective with respect to the Cayman Liquidation and/or the stay, as provided for by Section 97(1) of the Companies Law, shall be effective in the United States pursuant to 11 U.S.C. § 1507; and it is further~~**[SMB: 1/13/16]**

4.    **ORDERED**, that **pursuant to 11 U.S.C. § 1521(a)(4),** the Liquidators are hereby authorized to examine witnesses, take evidence, and seek the production of documents within the territorial jurisdiction of the United States concerning the assets, affairs, rights, obligations or liabilities of Niton by: **[SMB: 1/13/16]**

3

a.  issuing discovery requests to intermediary banks that process U.S. dollar-denominated wire transfers and maintain records of such transfers with respect to the Discovery Subjects (defined in the Petition) so as to ascertain information concerning Niton's assets and transactions prior to the commencement of the Cayman Liquidation and critical information concerning Niton's claims against third parties

b.  upon written request served by Niton, through its counsel Holland & Knight LLP, obtaining turnover of any and all documents, records, filings, or other information, however stored, including but not limited to emails, from any person or entity subject to this Court's jurisdiction, including but not limited to the Discovery Subjects; and

c.  upon service of this order ~~upon~~ by Niton, through its counsel Holland & Knight LLP, all persons and entities subject to the jurisdiction of this Court **are prohibited** from destroying, secreting, altering, deleting or otherwise disposing of any electronic data, documents, records, filings, or other information, however stored, concerning or relating to the assets, affairs, rights, obligations or liabilities of Niton ; and it is further **[SMB: 1/13/16]**

5.      **ORDERED**, that the Liquidators are hereby granted authority to assert claims of Niton against parties that are subject to jurisdiction in the United States.

6.      **ORDERED**, that **pursuant to 11 U.S.C. § 1521(a)(5),** the administration or realization of all or part of the assets of Niton within the territorial jurisdiction of the United States is hereby entrusted to the Liquidators and the Liquidators are hereby established as the exclusive representatives of Niton in the United States; and it is further**[SMB: 1/13/16]**

7.      **ORDERED**, that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and it is further

8.      **ORDERED**, that a copy of this Order shall be served by overnight courier or by hand delivery upon the U.S. Trustee **and all known creditors within the territorial jurisdiction of the U.S.**; and it is further **[SMB: 1/13/16]**

9.      **ORDERED**, that such service shall be good and sufficient service and adequate notice for all purposes.

**Dated:** **New York, New York**

**January 13th, 2016**

                                        **/s/ STUART M. BERNSTEIN**
                                        **United States Bankruptcy Judge**
                                        **Southern District of New York**

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:

LAWNDALE GROUP S.A.,

            Debtor in a
            Foreign Proceeding.

-----------------------------------------------------------x

:    Chapter 15
:
:    Case No. 15-11352 (SCC)
:
:
:
:
:
:
:

## ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a), 1504, 1507, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE

      1.     A hearing having been held before the United States Bankruptcy Court of the Southern District of New York on July 6, 2015 (the "**Hearing**"), to consider the Verified Petition and Official Form Petition (collectively, with all exhibits thereto, the "**Petition**") of John David Ayres, the duly appointed liquidator and foreign representative ("**Petitioner**" or "**Liquidator**") of Lawndale Group S.A. ("**Lawndale**" or the "**Foreign Debtor**"), a company undergoing liquidation before the Commercial Division of the High Court of Justice, British Virgin Islands (the "**BVI Court**"), claim number 2013/0165 (the "**BVI Liquidation**"), pursuant to the Insolvency Act of 2003 of the British Virgin Islands (the "**2003 Act**"), for entry of an Order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"): (i) recognizing the BVI Liquidation of Lawndale as a foreign main proceeding, or in the alternative, a foreign non-main proceeding, pursuant to chapter 15 of the Bankruptcy Code, and the Petitioner as Lawndale's foreign representative under sections 1509 and 1517 of the Bankruptcy Code; (ii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code; (iii) granting other and additional relief pursuant to Sections 1507 and 1521(a)

and (b) of the Bankruptcy Code, including authorizing Petitioner to examine witnesses, take evidence, and seek the production of documents concerning the assets, affairs, rights, obligations or liabilities of Lawndale; and (iv) granting authority to assert claims against parties that are subject to jurisdiction in the United States, including but not limited to claims predicated upon schemes to commit fraudulent conveyances, alter ego, or veil-piercing claims; and upon the Court's review and consideration of the Petition, and the accompanying Declarations of John Ayres, executed on May 19, 2015 (the "**Ayres Declaration**"), the Declaration of Robert Christie, executed on May 18, 2015 (the "**Christie Declaration**"), and the Declaration of Michael J. Frevola, executed on May 21, 2015 (the "**Frevola Declaration**"), together with all exhibits thereto, in support of the Petition, and the evidence put on the record at the Hearing; and appropriate and timely notice of the filing of the Petition and the hearing thereon having been given by the Petitioner, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections or other responses having been filed; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.     Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410 (3) because Lawndale has property in the United States and within this judicial district.

C.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.     Petitioner is the "foreign representative" of Lawndale pursuant to 11 U.S.C. § 101(24).

19-11573-lgb    Doc 4-1    Filed 05/16/19    Entered 05/16/19 16:54:26    Exhibit A-G
Pg 23 of 48

E.       This chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509, and 1515.

F.       Petitioner has satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.       The BVI Liquidation is a "foreign proceeding" pursuant to 11 U.S.C. § 101(23).

H.       The BVI Liquidation is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.       The BVI Liquidation is pending in the British Virgin Islands, the country where Lawndale's center of main interests is located, and accordingly the BVI Liquidation is a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.       The Liquidator is entitled to all the relief provided pursuant to 11 U.S.C. 1520, without limitation.

K.       The Liquidator is entitled to all the relief pursuant to 11 U.S.C. §1521 ordered by this Court.

L.       The Liquidator is entitled to relief pursuant to 11 U.S.C. §§ 1507 and 1521, as ordered by this Court.

M.       The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520, and 1521.

**NOW, THEREFORE, IT IS HEREBY**

1.      **ORDERED**, that the BVI Liquidation is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

2.      **ORDERED**, that the BVI Liquidation is hereby recognized as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and it is further

3.      **ORDERED**, that all persons and entities (other than Petitioner or his expressly authorized representatives and agents) are hereby enjoined, except as provided in 11 U.S.C. §§ 555 through 557, 559 through 562, 1520 and 1521 or as modified herein, from:

(1)      executing against Lawndale's property or assets within the territorial jurisdiction of the United States;

(2)      taking or continuing any act to obtain possession of, or exercise control over, Petitioner (with respect to Lawndale), Lawndale or any of its property or assets within the territorial jurisdiction of the United;

(3)      taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioner (with respect to Lawndale), Lawndale or any of its property or assets within the territorial jurisdiction of the United States as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to Lawndale or any of its property or assets;

(4)      transferring, relinquishing or disposing of any property of Lawndale to any person or entity other than Petitioner;

and it is further

4.      **ORDERED**, that 11 U.S.C. § 1520(a) shall be effective with respect to the BVI Liquidation; and it is further

5.      **ORDERED** that Petitioner or any third person acting pursuant to Petitioner's instructions or agreement may transfer funds or property belonging to Lawndale into or out of the United States in accordance with their respective obligations to Lawndale or under the BVI Liquidation; and it is further

6.      **ORDERED**, that Petitioner is authorized to operate the business of Lawndale that is the subject of BVI Liquidation and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 1520 and 1521; and it is further

7.      **ORDERED**, that Petitioner is hereby authorized to examine witnesses, take evidence, and seek the production of documents concerning the assets, affairs, rights, obligations or liabilities of Lawndale by:

a.   issuing discovery requests regarding the affairs of Lawndale, the United States Counterparties (as defined in the Petition), and the Related Persons and Entities (as defined in the Petition), as all such information is required in the BVI Liquidation;

b.   issuing discovery requests to intermediary or correspondent banks located in the Southern District of New York that process United States Dollar wire transfers and maintain records of such transfers to ascertain the location and movement of Lawndale's assets prior to and immediately after the commencement of the BVI Liquidation;

c.   Upon written request served by the Foreign Debtor, through its counsel Holland & Knight LLP, obtaining turnover of any and all documents, records, filings, or other information belonging to Lawndale, however stored, including but not limited to emails, from any person or entity subject to this Court's jurisdiction, including but not limited to Lawndale's former legal advisors and Lawndale's related entities; and

d.   Upon written request served by the Foreign Debtor, through its counsel Holland & Knight LLP, enjoining all persons and entities subject to the jurisdiction of this

Court from destroying, secreting, altering, deleting or otherwise disposing of any documents, records, filings, or other information, however stored, concerning or relating to the affairs of Lawndale; and it is further

8.      **ORDERED**, that Lawndale is granted authority to assert claims against parties that are subject to jurisdiction in the United States, including but not limited to claims predicated upon fraudulent conveyance or veil-piercing.

9.      **ORDERED**, that the administration or realization of all or part of the assets of Lawndale within the territorial jurisdiction of the United States is hereby entrusted to Petitioner and Petitioner is hereby established as the exclusive representative of Lawndale in the United States; and it is further

10.     **ORDERED**, that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and it is further

11.     **ORDERED**, that a copy of this Order shall be served by United States mail, first-class postage prepaid, by overnight courier, by electronic mail, or by hand delivery where practicable, upon all known creditors and all other parties against whom relief is sought (or their counsel or registered agent for service of process), including any such parties (or counsel) that have addresses outside the United States; and it is further

12.     **ORDERED**, that notice of the Petition in the form attached as Exhibit B thereto shall be served upon all known creditors and all other parties against whom relief is sought (or

their counsel or registered agent for service of process), including any such parties (or counsel) that have addresses outside the United States; and it is further

13.    **ORDERED**, that such service shall be good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
       July 6, 2015

                              _____
                              /S/ Shelley C. Chapman
                              United States Bankruptcy Judge
                              Southern District of New York

# EXHIBIT E

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Ardent Harmony Fund Inc., | Case No.:  16-12282 |
| Debtor. | (Jointly Administered) |

**ORDER GRANTING VERIFIED PETITION FOR RECOGNITION OF FOREIGN**
**PROCEEDING UNDER CHAPTER 15 AND MOTION IN SUPPORT OF**
**VERIFIED PETITION AND FOR RELATED RELIEF**

Upon the *Verified Petition for Recognition of Foreign Proceeding Under Chapter 15* (the

"Verified Petition") and the *Motion in Support of the Verified Petition for Recognition of*

*Foreign Proceeding and for Related Relief* (the "Motion"),[1] filed by the Petitioner, who is the

JOL and duly-authorized foreign representative for Ardent, and upon consideration of the

Pearson Declaration and the Reynolds Declaration; and the Court having determined that the

relief sought in the Verified Petition and the Motion is in the best interests of Ardent, its

creditors, shareholders, and all parties in interest; and the Court  having considered the evidence

and statements regarding the Verified Petition in the documents filed with the Court and at the

hearing (if any) on the Verified Petition and the Motion (the "Hearing"); and the Court having

determined that the legal, evidentiary and factual bases set forth in the documents filed with the

Court establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is HEREBY FOUND AND DETERMINED THAT:

A.    The findings and conclusions set forth herein constitute the Court's findings of

fact and  conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), made applicable to these proceedings pursuant to Bankruptcy Rule

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference, dated January 31, 2012, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.).   The Verified Petition and the Motion constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2)(P).  Venue is proper in this District pursuant to 28 U.S.C. § 1410.

C.      This case was commenced properly pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

D.      The Verified Petition and the Motion satisfy the requirements of section 1515 of the Bankruptcy Code.

E.      Notice of the Hearing was in compliance with Bankruptcy Rule 2002(q).

F.      The Cayman Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

G.      The Cayman Proceeding is entitled to recognition by this Court pursuant to sections 1515 and 1517(a) of the Bankruptcy Code.

H.      Ardent's "center of main interests" is located in the Cayman Islands and, therefore, the Cayman Proceeding is entitled to recognition as a "foreign main proceeding" pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

I.      The Petitioner is a "person" as defined in section 101(41) of the Bankruptcy Code and a duly-appointed "foreign representative" of Ardent within the meaning of section 101(24) of the Bankruptcy Code.

J.      The relief sought in the Verified Petition and the Motion is necessary to effectuate the purpose of Chapter 15, and to protect Ardent, its assets, and the interests of its creditors and other parties in interest.

K.      The Petitioner is entitled to the additional relief set forth herein pursuant to section 1521(a)(4) of the Bankruptcy Code.

L.      Notice of the Hearing and the relief requested in the Verified Petition and the Motion was proper, adequate, sufficient and comported with due process under the circumstances, and no other or future notice is or shall be required.

**NOW, THEREFORE**, it is hereby **ORDERED THAT**:

1.      The Verified Petition and the Motion are GRANTED as set forth herein.

2.      All objections and reservations of rights, if any, relating to the Verified Petition and the Motion that have not been withdrawn, waived, or otherwise resolved are overruled and denied.

3.      The Cayman Proceeding is recognized as a "foreign main proceeding" pursuant to section 1517(b)(1) of the Bankruptcy Code.

4.      The Petitioner is recognized as a "foreign representative" (as defined in section 101(24) of the Bankruptcy Code) of Ardent.

5.      The Petitioner is entitled to conduct discovery, examine witnesses, seek and take evidence, and obtain information concerning Ardent's assets, affairs, rights, obligations, or liabilities pursuant to section 1521(a)(4) of the Bankruptcy Code.

6.      The Petitioner is authorized to take all actions necessary to effectuate the relief granted by this Order without notice or further order of the Court.

7.      This Court retains jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Order, its implementation, or otherwise arising from or related to this Chapter 15 case.

8.      This Order shall be effective and enforceable immediately upon its entry.


**IT IS SO ORDERED.**

Dated:    August 31, 2016
             New York, New York

                              _____/s/Martin Glenn_____
                                   MARTIN GLENN
                              United States Bankruptcy Judge

# EXHIBIT F

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x
In re                                                          :
                                                               :
PIONEER FREIGHT FUTURES COMPANY          :     Chapter 15
LIMITED,                                                  :
                                                               :
                                                               :
Debtor in a Foreign Proceeding.              :     Case No. 13-12324 (JMP)
----------------------------------------------------------------- x

## ORDER GRANTING RECOGNITION OF A FOREIGN
## MAIN PROCEEDING AND RELATED RELIEF

This matter came before the Court upon the verified petition of Mark Richard Byers and

Mark McDonald, in their capacity as joint liquidators (the "Petitioners") of Pioneer Freight

Futures Company Limited (the "Company") and as duly authorized foreign representatives as

defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code") in the

above-captioned case, for the entry of an order granting recognition of a foreign main proceeding

(the "Verified Petition"). The Court has reviewed and considered, among other things, (i) the

Verified Petition and its accompanying memorandum of law, (ii) the statement of Mark Richard

Byers, in his capacity as Joint Liquidator of the Company, made pursuant to section 1515 of the

Bankruptcy Code, (iii) the declaration of Scott Cruickshank, foreign counsel to the Petitioners

and (iv) the arguments and testimony presented at the hearing held on August 22, 2013. Based

on the foregoing, the Court finds and concludes as follows:

1.      The Petitioners have demonstrated that:

        (a)      the Company is subject to a foreign proceeding within the meaning of
                 section 101(23) of the Bankruptcy Code;

        (b)      the Company is subject to a foreign main proceeding within the meaning
                 of section 1502(4) of the Bankruptcy Code;

(c)      the Petitioners, as joint liquidators of the Company, are foreign representatives, as defined by section 101(24) of the Bankruptcy Code;

(d)      the above-captioned Chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code; and

(e)      the Chapter 15 Petition satisfies the requirement of section 1515 of the Bankruptcy Code.

2.      The relief requested is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and warranted pursuant to sections 1520 of the Bankruptcy Code.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the Company's liquidation proceeding pending before the Commercial Division of the High Court of Justice, British Virgin Islands, Eastern Caribbean Supreme Court (the "BVI Proceeding") is granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

ORDERED, that the BVI Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that all relief afforded to a foreign main proceeding, a foreign debtor subject to such foreign main proceeding and the foreign representatives of such a foreign debtor automatically upon recognition pursuant to section 1520 of the Bankruptcy Code is granted to the BVI Proceeding, the Company and the Petitioners respectively, including, without limitation, the protections afforded by section 362 of the Bankruptcy Code; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests for any additional relief in this

Chapter 15 case and all adversary proceedings in connection herewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED, that this Order shall be served by overnight mail on or before August 27, 2013, upon (a) the Company and (b) the U.S. Trustee; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
      August 23, 2013



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                        :
In re:                                  :        Chapter 15
                                        :
FARENCO SHIPPING CO. LTD.,              :        Case No. 11-14138 (REG)
                                        :
            Debtor in a                 :
            Foreign Proceeding.         :
                                        :
                                        :
------------------------------------------------------------x

## ORDER RECOGNIZING FOREIGN PROCEEDING AND GRANTING FURTHER RELIEF

Whereas on August 31, 2011, Nicholas Francis James Carter, duly appointed liquidator and foreign representative ("**Petitioner**" or "**Liquidator**") of Farenco Shipping Co. Ltd. ("**Farenco BVI**" or the "**Foreign Debtor**")), a company undergoing liquidation before the Commercial Division of the High Court of Justice (the "**BVI Court**"), case number 2011/0051 (the "BVI Liquidation"), pursuant to the Insolvency Act of 2003 of the British Virgin Islands (the "**2003 Act**"), submitted a Verified Petition and Official Form Petition (collectively, the "**Petition**") for entry of an Order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. 101 *et seq.* (the "Bankruptcy Code"):

(i) recognizing the BVI Liquidation of Farenco BVI as a foreign main proceeding, or in the alternative, a foreign non-main proceeding pursuant to chapter 15 of the Bankruptcy Code;

(ii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code; (iii) granting other and additional relief pursuant to sections 1507 and 1521(a) and (b) of the Bankruptcy Code; and

Whereas on September 7, 2011, this Court signed an order provisionally recognizing the BVI Liquidation of Farenco BVI as a foreign main proceeding, granting relief pursuant to

sections 1519 and 1520 of the Bankruptcy Code; and (iii) granting other and additional provisional relief pursuant to sections 1507 and 1521(a) and (b) of the Bankruptcy Code; and

Whereas no creditor or other party in interest has expressed objection to the recognition of the Farenco BVI Liquidation as a foreign main proceeding, and Petitioner has accordingly submitted this order to the Court on presentment; and

Upon the Court's review and consideration of the Petition, and the accompanying Declarations of Nicholas Francis James Carter executed on August 29, 2011; Ray Ng executed on August 31, 2011 and of James H. Power executed on August 31, 2011, together with all exhibits thereto, in support of the Petition, and the evidence put on the record at the Hearing; and appropriate and timely notice of the filing of the Petition and the hearing thereon having been given by Petitioner, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

C.    This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(P).

D.    Petitioner is "person" pursuant to 11 U.S.C. § 101(41) and is the "foreign representative" of Farenco BVI pursuant to 11 U.S.C. § 101(24).

E.      This chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509, and 1515.

F.      Petitioner has satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.      The BVI Liquidation is a "foreign proceeding" pursuant to 11 U.S.C. § 101(2).

H.      The BVI Liquidation is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.      The BVI Liquidation is pending in the British Virgin Islands, the country where Farenco BVI's center of main interests is located, and accordingly the BVI Liquidation is a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.      Petitioner is entitled to all the relief provided pursuant to 11 U.S.C. § 1520 without limitation.

K.      Petitioner is entitled to relief pursuant to 11 U.S.C. §§ 1507 and 1521 as ordered by this Court.

L.      The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520, and 1521.

**NOW, THEREFORE, IT IS HEREBY**

1.      **ORDERED**, that the BVI Liquidation is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

2.      **ORDERED**, that the BVI Liquidation is hereby recognized as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and it is further

3.      **ORDERED**, that all persons and entities (other than Petitioner or its expressly authorized representative(s) and agent(s)) are hereby enjoined, except as provided in 11 U.S.C. §§ 555 through 557, 559 through 562, 1520 and 1521 or as modified herein, from:

A.      executing against Farenco BVI's property or assets;

B.      taking or continuing any act to obtain possession of, or exercise control over, Petitioner (with respect to Farenco BVI), Farenco BVI or any of its property or assets;

C.      taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioner (with respect to Farenco BVI), Farenco BVI or any of its property or assets, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to Farenco BVI or any of its property or assets;

D.      transferring, relinquishing or disposing of any property of Farenco BVI to any person or entity other than Petitioner;

E.      destroying, secreting, altering, deleting or otherwise disposing of any documents, records, filings, or other information, however stored, concerning or relating to the affairs of Farenco BVI;

and it is further

4.      **ORDERED**, that 11 U.S.C. § 1520(a) shall be effective with respect to the BVI Liquidation; and it is further

5.      **ORDERED** that Petitioner or any third person acting pursuant to Petitioner's instructions or agreement may transfer funds or property belonging to Farenco BVI into or out of the United States in accordance with their respective obligations to Farenco BVI or under the BVI Liquidation; and it is further

6.      **ORDERED** that Petitioner is authorized to operate, if applicable, and wind up the affairs and the business of Farenco BVI that is the subject of BVI Liquidation and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. § 1520; and it is further

7.      **ORDERED** that the relief set forth in the TRO dated September 1, 2011 shall continue unless otherwise ordered by this Court; and it is further

8.      **ORDERED** that Petitioner is hereby authorized, on an expedited basis, to examine witnesses, take evidence, seek production of documents, serve requests to admit and deliver information to the BVI Court concerning the assets, affairs, rights, obligations or liabilities of Farenco BVI.  This relief shall include:

    i.  Obtaining discovery from and/or in relation to the affairs of Farenco Shipping Pte Ltd. (Singapore) and Farenco Transportation Co. Ltd. and their associates as all such information is required in the BVI Liquidation under the law of the United States; and

    ii.  Obtaining discovery from intermediary banks in New York that process U.S. dollar wire transfers to ascertain the location and movement of Farenco BVI assets prior to and at anytime after the commencement of the liquidation of Farenco BVI; and

    iii.  Obtaining discovery, on an expedited basis, from Farenco BVI's former U.S. counsel including, but not limited to, copies of attorney files and suitable reproductions of any and all documents, records, filings, or other information, however stored, including but not limited to emails; and

    iv.  Obtaining discovery from any person or entity subject to this Court's jurisdiction that may possess or have access to information concerning Farenco BVI's business and trading operations, bank accounts, officers and directors, any of Farenco BVI's related-companies, email accounts, or any other information that could assist the Liquidator in identify assets, records, books, documents, and/or creditors of the Foreign Debtor; and it is further

9.      **ORDERED** that the administration or realization of all or part of the tangible and intangible assets of Farenco BVI subject to the jurisdiction of the United States is hereby entrusted to Petitioner and Petitioner is hereby established as the exclusive representative of Farenco BVI in the United States; and it is further

10.      **ORDERED** that Farenco Shipping Pte Ltd. and Farenco Transportation Co. Ltd., their agents and counsel are enjoined from "de-registering" as foreign business corporations or relinquishing their authorization to do business in the State of New York; and it is further

11.      **ORDERED** that:

a.  the relief set forth in the TRO dated September 1, 2011 shall continue unless otherwise ordered by this Court;

b.  Petitioner or any third person acting pursuant to Petitioner's instructions or agreement may transfer funds or property belonging to Farenco BVI into or out of the United States in accordance with their respective obligations to Farenco BVI or under the BVI Liquidation;

c.  Petitioner is authorized to operate, if applicable, and wind up the affairs and the business of Farenco BVI that is the subject of BVI Liquidation and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. § 1520; and it is further

12.    **ORDERED** that pursuant to 11 U.S.C. 1509, Petitioner may bring claims on behalf of Farenco BVI and/or the Liquidator; and it is further

13.    **ORDERED** that a copy of this Order shall be served by electronic mail or by hand delivery, upon all of former U.S.-based counsel for Farenco BVI in the U.S. Actions, and by hand to Farenco Shipping Pte. Ltd.'s and Farenco Transportation Co. Ltd.'s registered agent in New York; and by international registered mail to all known creditor(s); and it is further

14.    **ORDERED** that such service shall be good and sufficient service and adequate notice; and it is further

15.    **ORDERED**, that the Petition and supporting papers shall also be made available by Petitioner upon request to Holland & Knight LLP,  31 West 52nd Street, New York, New York 10019 (Attn.: James Power, Esq.), as counsel to Petitioner; and it is further

16.    **ORDERED** that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary

proceeding brought in and through this chapter 15 case, and any request by an entity for relief

from the provisions of this Order, for cause shown, that is properly commenced and within the

jurisdiction of this Court;


Dated: New York, New York
      February _**24**_, 2012


                                    _**s/ Robert E. Gerber**_
                                  United States Bankruptcy Judge
                                  Southern District of New York


#10530978_v2